Scott A. Kamber, Esq. (*pro hac vice*)
skamber@kamberlaw.com
David A. Stampley (*pro hac vice*)
dstampley@kamberlaw.com
KamberLaw, LLC
11 Broadway, 22nd Floor
New York, New York 10004
Telephone: (212) 920-3072
Facsimile:  (212) 202-6364

David C. Parisi, Esq. (SBN 162248)
dcparisi@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Facsimile:  (818) 501-7852

ATTORNEYS FOR PLAINTIFFS
(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MIRIAM SLATER and SARA GOLDEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TAGGED, INC., a Delaware Corporation; GREG TSENG; JOHANN SCHLEIER-SMITH; and DOES 1 through 50,<br><br>Defendants. | No. 3:09-cv-3697 EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND AN AWARD OF AN INCENTIVE FEE**<br><br>Judge: The Hon. Edward M. Chen<br>Date: TBD<br>Time: TBD<br>Location: Courtroom C, 15th Floor |

# NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that Plaintiffs will move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for an award of attorneys' fees and expenses, as well as an incentive fee for the two named plaintiffs, on a date to be determined by the Court, or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California  94102, in Courtroom C, 15th Floor, before the Honorable Edward M. Chen.

The Motion is based on this Notice of Motion; the accompanying Brief in Support of the Motion, the authorities cited therein, and the exhibits attached thereto; oral argument of counsel; and any other matter that may be submitted at the hearing.

Dated:  February 16, 2010    KAMBERLAW, LLC
                             THE LAW OFFICE OF JOSEPH H. MALLEY
                             PARISI & HAVENS LLP


                             By:_s/Scott A. Kamber_____
                             One of the Attorneys for Plaintiffs, individually and
                             on behalf of a Class of similarly situated individuals

Scott A. Kamber (*pro hac vice*)
*skamber@kamberlaw.com*
David A. Stampley (*pro hac vice*)
*dstampley@kamberlaw.com*
KamberLaw, LLC
11 Broadway, 22nd Floor.
New York, NY. 10004
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

Joseph H. Malley
*malleylaw@gmail.com*
Law Office of Joseph H. Malley
1045 North Zang Blvd
Dallas, TX 75208
Telephone: (214) 943-6100
Facsimile: (214) 943-6170

David Parisi (SBN 162248)
*dparisi@parisihavens.com*

1  Suzanne Havens Beckman (SBN 188814)
   *shavens@parisihavens.com*
2  Parisi & Havens LLP
   15233 Valleyheart Drive
3  Sherman Oaks, California 91403
4  Telephone: (818) 990-1299
   Facsimile:  (818) 501-7852

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I. PRELIMINARY STATMENT .................................................................................................. 1

II. THE AGREED-UPON ATTORNEYS' FEES AND EXPENSES ARE REASONABLE .... 1

    A. California Law Governs Calculation of Plaintiffs' Attorneys' Fees ......................... 1

    B. Lodestar Method Calculation Shows Reasonableness of Plaintiffs' Request ........... 2

        (1) Class Counsel Reasonably Incurred a Lodestar of Over $235,000. ............... 2

        (2) The Mediator's Fee Determination Is Reasonable In This Case. ................... 4

    C. Novelty and Difficulty of the Questions Presented ...................................................... 4

    D. Contingent Nature of Action ........................................................................................ 4

    E. Result Obtained on Behalf of Class ............................................................................. 5

III. THE INCENTIVE FEES ARE REASONABLE ..................................................................... 5

IV. CONCLUSION ............................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Champion Produce, Inc. v. Ruby Robinson Co. Inc.*,
   342 F.3d 1016 (9th Cir. 2003) ............................................................................................. 1, 3

*Friend v. Kolodzieczak*,
   72 F.3d 1386 (9th Cir. 1995) ................................................................................................... 2

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ............................................................................................................ 1, 3

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) .............................................................................................. 3, 4

*Vizcaino v. Microsoft Corp.*,
   290 F3d 1043 (9th Cir. 2002) .................................................................................................. 2

*Wing v. Asarco Inc.*,
   114 F.3d 986 (9th Cir. 1997) ................................................................................................... 2

**STATE CASES**

*Graham v. DaimlerChrysler Corp.*,
   34 Cal.4th 553 (2004) .............................................................................................................. 4

*Ketchum v. Moses*,
   24 Cal.4th 1122 (2001) ............................................................................................................ 5

*Lealao v. Beneficial Cal., Inc.*,
   82 Cal.App.4th 19 (1st Dist. 2000) .................................................................................. 2, 3, 4

*San Bernardino Valley Audubon Soc'y v. San Bernardino*,
   155 Cal.App.3d 738 (1984) ...................................................................................................... 5

*Serrano v. Priest*,
   20 Cal.3d 25 (1977) ................................................................................................................. 4

*Wershba v. Apple Computer, Inc.*,
   91 Cal.App.4th 224 (2001) ...................................................................................................... 4

**RULES**

Fed. R. Civ. Proc. 23e ..................................................................................................................... 1

**OTHER AUTHORITIES**

Federal Judicial Center, *Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules* .............................................................. 6

S. Savett, R. Liebenberg & R. Wellington, *Consumer Class Actions: Class Certification Issues, Including Ethical Considerations and Counsel Fees and Incentive Payments to Named Plaintiffs* ........................................................................................................................ 6

T. Eisenberg & G. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study* .... 5, 6

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES

### I.  PRELIMINARY STATMENT

Plaintiffs here move this Court to approve the fee determination of the mediator in this action.  This request includes the substantive record of the case set forth in the Motion for Approval of Class Action Settlement (Dkt. 36).

Previously, the Parties were unable to agree on an amount to which Plaintiffs' counsel may apply for an award of attorney fees and costs. The Parties did, however, agree on a mechanism to resolve their disagreement. The Parties agreed to allow the mediator, Rodney Max, to determine the reasonable attorneys and fees for which Plaintiffs' counsel may apply. Based on discussions with the mediator to date as well as initial discussions with the parties, it was expected that the mediator would recommend the payment of attorneys fees and costs of with a lodestar of between 2.5 and 3.5.

The Parties have now been advised of the mediator's determination, which both parties have agreed to accept, which confirms the incentive award of $10,000.00 for each of two named plaintiffs, and attorneys' fees and costs of $669,000.00. As agreed by the Parties, the Mediator's determination is deemed incorporated into the previously negotiated Principal Terms of Settlement (Decl. of Scott A. Kamber, Exh. A).  This Motion seeks the Court's approval of the mediator's determination.

### II.  THE AGREED-UPON ATTORNEYS' FEES AND EXPENSES ARE REASONABLE

#### A.  California Law Governs Calculation of Plaintiffs' Attorneys' Fees

Although the Parties have agreed on the amount of attorneys' fees and expenses, the Court nonetheless has discretion over the amount to be awarded. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  *See also* Fed. R. Civ. Proc. 23e. In this matter, Plaintiffs' claims are governed by California state law, which therefore, also governs the methodology of calculating a fee award. *Champion Produce, Inc. v. Ruby Robinson Co. Inc.*, 342 F.3d 1016 (9th Cir. 2003) (affirming

application of state law for the calculation of attorney's fees where underlying claims were based in state contract law); *see also Vizcaino v. Microsoft Corp.*, 290 F3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees."). It is well established that in a class action governed by California law where "the responsibility to pay attorneys' fees is statutorily or otherwise transferred from the prevailing plaintiff or class to the defendant, the primary method for establishing the amount of reasonable attorneys' fees is the lodestar method." *Lealao v. Beneficial Cal., Inc.*, 82 Cal.App.4th 19, 26 (1st Dist. 2000).[1] However, where, as here, the value to the settlement class can be quantified, a percentage-based fee analysis can be used to augment the lodestar rate to "ensure that the fee awarded is within the range of fees freely negotiated in the legal marketplace in comparable litigation. *Id.* at 50-51.

To demonstrate the validity of Plaintiffs' requested fee and cost reimbursement, Plaintiffs have provided an analysis of both the lodestar formula and the percentage-based analysis below.

**B.    Lodestar Method Calculation Shows Reasonableness of Plaintiffs' Request**

**(1)    Class Counsel Reasonably Incurred a Lodestar of Over $235,000.**

The lodestar figure, or "touchstone," is based on the total number of reasonable attorney hours expended multiplied by a reasonable hourly rate for each attorney involved in the litigation. *Lealao*, 82 Cal.App.4th. at 26; *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995). Absent

---

[1] It is important to note that the application of California as opposed to Federal law to the calculation of fees in the instant matter yields little or no difference in terms of the appropriate fee award. Under Ninth Circuit precedent where a determination of fees arises out of a settlement agreement, the Court would also determine a reasonable fee using a lodestar with a multiplier analysis. *See Wing v. Asarco Inc.*, 114 F.3d 986, 988 (9th Cir. 1997). The difference between the California lodestar analysis and the Federal lodestar analysis is that California law provides more latitude in the application of a multiplier because it weighs heavily certain factors such as the contingent risk of the litigation which are presumed to be already incorporated into the selection of a Federal lodestar rate. *Lealao*, 82 Cal.App.4th at 41-42. Nonetheless, given the nature of the litigation and the result achieved on behalf of the Class, Plaintiffs' attorneys are entitled to a multiplier under either a California or Federal lodestar.

extreme circumstances, Class counsel is entitled to be compensated for "all hours reasonably expended." *Hensley*, 461 U.S. at 431 (1983). It is proper to calculate attorneys' fees at prevailing rates to compensate for delay in receipt of payment. *Vizcaino*, 290 F.3d at 1051. Further, the standard lodestar formula is not limited to this initial mathematical calculation and may be enhanced with a multiplier upon consideration of a variety of factors. *Lealao*, 82 Cal.App.4th at 41 (quoting *Press v. Lucky Stores, Inc.*, 34 Cal. 3d 311, 322 (1983)).

As supported by the Declaration of Scott A. Kamber submitted with this filing, total Plaintiffs' Counsel's lodestar is $238,435 and summarized in the chart below. The efforts expended by Class Counsel are detailed in the Declaration of Scott A. Kamber in support of the Motions for Final Approval of Class Settlement.

| FIRM | HOURS | LODESTAR |
|---|---|---|
| KamberLaw, LLC | 305.75 | $159,250 |
| Law Offices of Joseph H. Malley | 152.00 | $63,120 |
| Parisi & Havens, LLP | 31.50 | $16,065 |
| | | |
| TOTAL | 489.25 | $ 238,435 |

The attorneys performing work on this litigation are billed at rates that correlate to their respective experience, that are reasonable in the New York, California, and Texas legal markets. Kamber Decl. ¶4.

A lodestar analysis is the appropriate method to determine fees in this case. In this matter, Plaintiffs' claims are governed by California law, which therefore, also governs the award of fees. *Champion Produce, Inc. v. Ruby Robinson Co. Inc.*, 342 F.3d 1016 (9th Cir. 2003) (affirming application of state law for the calculation of attorney's fees where underlying claims were based in state contract law); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees."). In a class action governed by California law where "the responsibility to pay attorneys' fees is statutorily or otherwise transferred from the

prevailing plaintiff or class to the defendant, the primary method for establishing the amount of reasonable attorneys' fees is the lodestar method." *Lealao*, 82 Cal.App.4th at 26.

### (2) The Mediator's Fee Determination Is Reasonable In This Case.

The standard lodestar formula is not limited to the initial mathematical calculation and may be enhanced with a multiplier. *Lealao*, 82 Cal.App.4th at 41 (quoting *Press v. Lucky Stores, Inc.*, 34 Cal.3d 311, 322 (1983)). Indeed, in *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 579 & 582 (2004), the Court held that while "the lodestar is the basic fee for comparable legal services in the community, it may be adjusted by the court" based on various factors including the novelty and difficulty of the questions involved, the skill displayed in presenting them, the contingent nature of the case, and whether an exceptional effort produced an exceptional result. *See e.g., Serrano v. Priest*, 20 Cal.3d 25, 43 (1977). California and in other courts around the nation, including the Ninth Circuit, lodestar multipliers generally range from 2-4 though even higher multipliers have been awarded. *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 255 (2001) ("[m]ultipliers can range from 2 to 4 or even higher"); *see also Vizcaino*, 290 F.3d at 1052-54 (listing, *inter alia*, lodestar multipliers in class action throughout the country, finding the average multiplier to be 3.32, and approving a multiplier of 3.65). The review of the relevant factors below demonstrates that the requested multiplier is reasonable.

### C. Novelty and Difficulty of the Questions Presented

This action was unusual on all fronts. The case had a number of legal pitfalls, including the very fundamental question of whether any class members had been damaged. Further, the case presented potential factual issues with whether the individual class members had in fact agreed to Defendant's use of their email address book.

### D. Contingent Nature of Action

Lodestar fee enhancement for contingent risk accounts for the possibility that the attorney will not receive payment if the suit does not succeed, and therefore constitutes earned compensation, that "is intended to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or delay in payment of attorneys'

1  fees." *Ketchum v. Moses*, 24 Cal.4th 1122, 1138 (2001). Further, contingency risk is used as a

2  basis for a multiplier to "entice competent counsel to undertake difficult public interest cases" *San*

3  *Bernardino Valley Audubon Soc'y v. San Bernardino*, 155 Cal.App.3d 738, 755 (1984).

4        Class counsel undertook this litigation on a wholly contingent basis. The relief obtained by

5  the attorneys general, while important, was prospective in nature, and it was only through class

6  counsel's willingness to accept risk that class members have obtained this remedial satisfaction of

7  their claims against Defendant. There was no guarantee of success and taking on the litigation

8  required counsel to commit to advancing substantial out of pocket expenses.

9        **E.**    **Result Obtained on Behalf of Class**

10        As discussed above, Defendant has agreed to purge certain address book information,

11  provide a one-button process for users to purge all address book information, provide users with a

12  clear method to cancel online profiles and account information, and obtain verification of

13  compliance with settlement provisions by a third party. With all this, the Class gives up no rights.

14  This is an excellent result for the class members.

15        The settlement further supports the requested award because it includes total expenses

16  incurred.  Had these expenses been included separately it would have had the result of lowering

17  the requested fee and therefore the lodestar multiplier sought.

18

19  **III.**    **THE INCENTIVE FEES ARE REASONABLE**

20        The incentive fees for the named class representatives are reasonable and should be

21  approved.  Incentive fees to class representatives are favored and encouraged.  Some findings on

22  this issue are as follows:

23        ●In a report which analyzed 374 opinions from 1993 to 2002, the authors found that

24        "granting an incentive award is common in classes of cases with very low recoveries,

25        mostly consumer credit cases and antitrust cases resembling consumer credit cases."  T.

26        Eisenberg & G. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*,

27        New York University School of Law (2005).

28

Plaintiffs' Notice of Motion and Motion
for Attorneys Fees and Expenses

5

Case No. 3:09-cv-3697 EMC

- This study also found that [t]he average award per class representative was $15,992 and the median award per class representative was $4,357." *Id.*

- In another report which looked at incentive awards in four federal districts it was found that "median amount of all awards to class representatives" were $7,500, $12,000, $7,500, and $17,000.  Federal Judicial Center, *Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules* by T. Willging, L. Hooper & R. Niemic (1996).

- One report on consumer class actions explained that "[i]t has become commonplace for the named representatives to request a special payment for having borne the flag and headed a class action.  Most courts are receptive to this because they feel that private attorneys general should be encouraged, and such incentives further the goals of federal and state laws." S. Savett, R. Liebenberg & R. Wellington, *Consumer Class Actions: Class Certification Issues, Including Ethical Considerations and Counsel Fees and Incentive Payments to Named Plaintiffs*, Practicing Law Institute (April 1996).

Here, the two named plaintiffs each request an incentive fee of $10,000.00, an amount recommended by the mediator in this case. Kamber Decl., ¶2.  The named plaintiffs were the only persons affected by defendant who took the time and energy to search out counsel to rectify what they correctly perceived as a violation of their rights.  Courts recognize that this type of conduct should be commended and encouraged.  *See* 4 Newberg on Class Actions § 11:38 (4th ed.) and cases cited therein.  An incentive fee is certainly needed where a meritorious class action may otherwise never have been brought.  In view of these facts, the requested incentive awards are fair and reasonable.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court approve the agreed upon attorneys' fees.

Dated: February 16, 2010

KAMBERLAW, LLC
THE LAW OFFICE OF JOSEPH H. MALLEY
PARISI & HAVENS, LLP

By: s/Scott A. Kamber
    SCOTT A. KAMBER
    One of the Attorneys for Plaintiffs, individually and on behalf of a Class of similarly situated individuals

Scott A. Kamber (*pro hac vice*)
*skamber@kamberlaw.com*
David A. Stampley (*pro hac vice*)
*dstampley@kamberlaw.com*
KamberLaw, LLC
11 Broadway, 22nd Floor.
New York, NY. 10004
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

Joseph H. Malley
*malleylaw@gmail.com*
Law Office of Joseph H. Malley
1045 North Zang Blvd
Dallas, TX 75208
Telephone: (214) 943-6100
Facsimile: (214) 943-6170

David Parisi (SBN 162248)
*dparisi@parisihavens.com*
Suzanne Havens Beckman (SBN 188814)
*shavens@parisihavens.com*
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852