Scott A. Kamber (*pro hac vice*)
skamber@kamberlaw.com
David A. Stampley (*pro hac vice*)
dstampley@kamberlaw.com
KamberLaw, LLC
11 Broadway, 22nd Floor.
New York, NY. 10004
Telephone: (212) 920-3072
Facsimile:  (212) 202-6364

Joseph H. Malley (*pro hac vice*)
malleylaw@gmail.com
Law Office of Joseph H. Malley
1045 North Zang Blvd
Dallas, TX 75208
Telephone: (214) 943-6100
Facsimile:  (214) 943-6170

David Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Facsimile:  (818) 501-7852

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MIRIAM SLATER and SARA GOLDEN, individually and on behalf of a class of similarly situated individuals,<br><br>            Plaintiffs,<br><br>v.<br><br>TAGGED, INC., a Delaware Corporation; GREG TSENG; JOHANN SCHLEIER-SMITH; and DOES 1 through 50,<br><br>            Defendants. | Case No. C-09-3697 EMC<br><br>**ORDER APPROVING SETTLEMENT** |

This matter came before the Court for hearing pursuant to the parties' Amended Joint Case Management Conference Statement of January 29, 2010; the parties' Principal Terms of Settlement (the "Settlement") attached as Exhibit A to the January 31, 2010 Declaration of Scott A. Kamber; and the parties' joint application to this Court on February 3, 2010. The Court, having considered all papers filed and proceedings had herein and taking into consideration the solely injunctive nature of the relief agreed to by the parties and the lack of any relinquishing of rights by the members of Class other than Plaintiffs, and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. This Court has jurisdiction over the subject matter of this action and all Class members, and to consider and enter this Order Approving Settlement ("Order").

2. Before certification is proper for any purpose, including settlement, the Court must ensure the requirements of Federal Rule of Civil Procedure 23(a) and (b) have been met. *See Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007); *Denny v. Deutsche Bank, A.G.*, 443 F.3d 253, 270 (2d Cir. 2006). The Court hereby finds that the Class meets all the requirements for certification pursuant to Rule 23(a). The Court further finds that the Class meets all the requirements for certification pursuant to Rule 23(b). The Class is defined as:

> All individuals or entities in the United States who, from April 16, 2009 to June 7, 2009, provided Tagged, Inc. with access to import their email address books not intending that Tagged, Inc. use the imported email addresses to send Tagged invitation messages; and all individuals who received such messages and, as a result, registered as Tagged members. Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entities in which Defendants have controlling interests. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

3. The Court appoints as lead counsel, under Rule 23(g) of the Federal Rules of Civil Procedure, Scott A. Kamber and David A. Stampley of the law firm of KamberLaw, LLC.

4. The parties conducted arm's-length negotiations, including face-to-face and telephonic mediation sessions, in good faith that resulted in the proposed Settlement.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable, and adequate with respect to the Class, and directs that the Settlement be consummated in accordance with the terms and conditions set forth therein.

6. Solely as to the named Plaintiffs in this matter, Miriam Slater and Sara Golden, and the named Defendants, Tagged, Inc., Greg Tseng, and Johann Schleier-Smith, this matter is hereby dismissed with prejudice and without costs, except as set forth in the Settlement.

7. As expressly acknowledged by Defendant before this Court on February 3, 2010, this Settlement is not intended to release any class claims nor have any *res judicata* effect on members of the Class, except as to the equitable remedy of injunctive relief addressing the precise Class period set forth in the Class definition, above, and harm addressed by this Settlement. Thus, for example, this settlement does not preclude a member of the Class from seeking damages for the same alleged wrong by Defendant during the Class period.

8. Upon entry of this Order, the above-captioned named Plaintiffs, on behalf of themselves, their successors, and their assigns, and any other persons now or in the future claiming through or on behalf of them as individuals, shall be deemed to have, and by operation of this Order shall have, fully, finally, and forever released, relinquished, and discharged all of such Plaintiffs' claims against Defendants Tagged, Inc., Greg Tseng, and Johann Schleier-Smith that are based upon, arising out of, in connection with, or in any way relating to any of the acts, omissions, or other conduct of such Defendants alleged in this action, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, and such Plaintiffs shall have covenanted not to sue such Defendants with respect to such claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting, or asserting any such claims against such Defendants.

9. Under Federal Rule of Civil Procedure 23(e), a "court must direct notice in a reasonable manner to all class members who would be bound" by a proposed settlement, voluntary dismissal, or compromise. Fed. R. Civ. P. 23(e)(1). That the Settlement here is entered into pursuant to Rule 23(b)(2) does not necessarily obviate the Rule 23(e) notice requirement. *See* 5-

1   23 Moore's Fed. Prac. -- Civ. § 23.162[1] ("With settlement notice, the court's duty to order

2   notice does not vary regardless of whether the class is certified under Rule 23(b)(1), Rule 23(b)(2),

3   or Rule 23(b)(3)."). The form and manner of notice, however, is discretionary under Rule 23(e).

4   *See id.*; *see also Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 962-63 (3d Cir. 1983) (noting

5   that "Rule 23(e) makes some form of post-settlement notice in Rule 23(b)(1) and (b)(2) class

6   actions mandatory, although the form of notice is discretionary"). In fact, the Ninth Circuit has

7   even stated that, "where a cohesive class is certified under Rule 23(b)(2), notice [under Rule

8   23(e)] may suffice if given to a suitable class representative." *Navarro-Ayala v. Hernandez-*

9   *Colon*, 951 F.2d 1325, 1337 (9th Cir. 1991) (also noting that, because Rule 23(e) "leaves the form

10  of the notice to the court's discretion[,] courts have sometimes overlooked the absence of notice

11  where there was clearly no prejudice to class members"). Taking into account the fact that (a) the

12  instant case involves a Rule 23(b)(2) Class, (b) the Settlement herein has a limited preclusive

13  effect (*i.e.*, no preclusive effect on any claim by a Class member for damages), and (c)

14  individualized e-mail notice would not appear to be advisable given the subject matter of this

15  litigation is unwarranted e-mail communications, the Court finds the following to be reasonable

16  notice in the instant case.

17      a. Notice substantially in the form of Exhibit A attached hereto shall be provided on
18         Google AdWords for a period of fifteen (15) days commencing as soon as
19         practicable, but in no event any later than March 1, 2010;

20      b. The above notice shall link to a website at the domain *www.taggedsettlement.com*
21         that shall provide the settlement documents for this case as well as an explanation
22         that any objections must be received on or before March 30, 2010;

23      c. The targeted ad words shall be "Tagged" in conjunction with any of the following
24         words: "spam," "address Book," or "email." The Plaintiffs may choose additional
25         AdWords;

26      d. The budget for AdWords shall be $300 per day;

27      e. On April 7, 2010, Plaintiffs shall certify to the Court the completion of the above
28         notice process and the date such process commenced and concluded;

Order Approving                                  4                    Case No. 3:09-cv-3697 EMC
Class Action Settlement

10. The Court, in its discretion, may hold a hearing on April 21, 2010, at 10:30 a.m., to consider any objections and make a determination on whether to vacate the Settlement and render it null and void, *nunc pro tunc*. After April 21, 2010, provided there are no objections or the Court otherwise overrules the objections, the Court shall enter a Judgment which shall be final as to all claims against Defendants, on the one hand, and the named Plaintiffs, on the other hand.

11. This Court shall retain exclusive jurisdiction over (a) implementation of the Settlement; and (b) all other proceedings related to the implementation and enforcement of the terms of the Agreement and/or the Settlement. The time to appeal from this Order shall commence upon entry of a Final Judgment in this case, consistent with Federal Rule of Appellate Procedure 4. Without limiting the generality of the foregoing, any dispute concerning the provisions of this Order or any Final Judgment based on this Order, including but not limited to any suit, action or proceeding in which the provisions of this Order or any Final Judgment based on this Order are asserted as a defense in whole or in part to any claim or cause of action asserted by any named Plaintiff herein or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order or any Final Judgment based on this Order. Solely for purposes of any such suit, action or proceeding, to the fullest extent possible under applicable law, the named Defendants and the named Plaintiffs herein are deemed to have irrevocably waived and to have agreed not to assert, whether by way of motion, as a defense or otherwise, any claim, argument or objection that they are not subject to the jurisdiction of this Court or that this Court is in any way an improper venue or an inconvenient forum.

12. As provided for in paragraph 4(a) of the Settlement as amended by the incorporation of the determination made by the mediator, this Court will entertain an application for Plaintiffs' counsel's attorneys' fees and costs as well as an incentive award to the named Plaintiffs.

13. This Order shall be considered the Court's approval order as contemplated to commence the effectuation of the terms of settlement pursuant to the Settlement between the parties and all dates contained therein shall run from the date of this Order.

1  14. Without further order of the Court, the parties settling hereunder may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

Dated: February 18, 2010



Edward M. Chen
United States Magistrate Judge