Scott A. Kamber, Esq. (*pro hac vice*)
*skamber@kamberlaw.com*
David A. Stampley (*pro hac vice*)
*dstampley@kamberlaw.com*
KamberLaw, LLC
11 Broadway, 22nd Floor
New York, New York 10004
Telephone: (212) 920-3072
Facsimile:  (212) 202-6364

David C. Parisi, Esq. (SBN 162248)
*dcparisi@parisihavens.com*
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
Telephone: (818) 990-1299
Facsimile:  (818) 501-7852

ATTORNEYS FOR PLAINTIFFS
(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MIRIAM SLATER and SARA GOLDEN, individually and on behalf of a class of similarly situated individuals,<br><br>                                  Plaintiffs,<br><br>v.<br><br>TAGGED, INC., a Delaware Corporation; GREG TSENG; JOHANN SCHLEIER-SMITH; and DOES 1 through 50,<br><br>                                  Defendants. | No. 3:09-cv-3697 EMC<br><br>[~~PROPOSED~~] ORDER OF ATTORNEY FEES AND EXPENSES<br><br>**(Docket No. 44)**<br><br>Judge:     The Hon. Edward M. Chen<br>Date:       April 21, 2010<br>Time:      10:30 a.m.<br>Location: Courtroom C, 15th Floor |

This matter came before the Court for hearing pursuant to the Order Approving Settlement dated Febuary 18, 2010 ("Approval Order") [Dkt. 47], on Plaintiffs' Notice of Motion and Motion for Attorneys' Fees And Expenses and an Award of an Incentive Fee [Dkt. 44], the Court's subsequent Order Re Supplemental Evidence dated March 18, 2010 ("Fee Evidence Order") [Dkt.

1  48], and plaintiffs' supplemental materials filed in response thereto [Dkt. 49]. Due and adequate
2  notice having been given of the settlement set forth in the parties' Principal Terms of Settlement
3  (the "Settlement") attached as Exhibit A to the January 31, 2010 Declaration of Scott A. Kamber
4  [Dkt. 37-1] and as required in the Approval Order and as certified in the April 7, 2010 Declaration
5  of Scott A. Kamber Certifying Plaintiffs' Completion of Notice [Dkt. 50], and the Court having
6  considered all papers filed and proceedings had herein and otherwise being fully informed in the
7  premises and good cause appearing therefore,

8  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

9  1.  All defined terms used in this Judgment have the same meanings as set forth in the
10 Agreement, unless otherwise defined.

11 2.  In the Approval Order, the Court appointed as Lead Counsel, under Rule 23(g) of
12 the Federal Rules of Civil Procedure, Scott A. Kamber and David A. Stampley of the law firm of
13 KamberLaw, LLC ("Class Counsel").

14 3.  The parties conducted arm's-length negotiations, including face-to-face and
15 telephonic mediation sessions, in good faith that resulted in the Settlement.

16 4.  The Court finds and concludes that reasonable notice of the Settlement has been
17 given to the Class as directed in the Approval Order, fully satisfying due process requirements and
18 the requirements of Rule 23 of the Federal Rules of Civil Procedure.

19 5.  The Court finds and concludes that no Class Members have objected to the
20 Settlement.

21 6.   The Court reaffirms its prior approval of the Settlement and finding that the
22 Settlement is, in all respects, fair, reasonable, and adequate for the Class.

23 7.  The Court hereby finds that Plaintiffs' counsel have adequately represented the
24 Class for purposes of entering into and implementing the Settlement.

25 8.  Having reviewed the record, including the supplemental materials supporting the
26 hourly rate of each attorney who worked on this matter as well as the daily time records of the
27 firms involved, the Court now grants Plaintiffs' unopposed Motion for Attorney Fees and
28 Expenses and an Award of an Incentive Fee and finds the award of a fee to be reasonable in light

of Class Counsel's efforts and expenses in prosecuting this action and Ninth Circuit precedent. The Court finds that the parties negotiated a fee award only at the conclusion of agreement on the substantive terms of settlement. Further, said fee award was negotiated at arms length with the assistance of a mediator. It is undisputed that when the Parties were unable to agree on an amount of a fee award, they agreed to allow the mediator to make a determination of the amount of the fee award for which Class Counsel may apply. That amount recommended by the mediator was $669,000, inclusive of costs.

9. Therefore, the Court awards Class Counsel attorneys' fees and expenses in the amount of $669,000. According to the terms of the Settlement, this amount in no way affects the relief to the Class and is bourn solely by defendants. Further, this fee represents a multiplier within the range regularly accepted as reasonable by this District and the Ninth Circuit in settlements such as this which (i) provided a benefit to millions of class members who benefitted by the purging of address books as required by the settlement herein; (ii) sought and obtained relief for a unique legal theory presented by the facts of this case; and (iii) represents efforts independent and distinct from the several governmental investigations that also arose as a result of the complained of actions of defendants. Neither Class Counsel's application for attorneys' fees and reimbursement of expenses, nor any order entered by this Court thereon, shall in any way disturb or affect this Judgment, and all such matters shall be construed separately from this Judgment.

10. The Court also finds that an incentive award of $10,000 for each of the named Plaintiffs is appropriate for their efforts in bringing and prosecuting this action and for devoting time and effort to keeping himself informed of the litigation. In addition, no member of the Class was required to release any claims except for the two named plaintiffs.

11. In making this award of attorneys' fees to plaintiffs' counsel and incentive awards to the named Plaintiffs, the Court has considered and finds that:

    a. the Settlement obtained as a result of the efforts of Class Counsel has created relief that will benefit millions of Class members;

    b. the named Plaintiffs provided a release which relinquished their rights;

   c.  the Class members did not provide a release;

   d.  Class Counsel have conducted the litigation and obtained the Settlement agreement with skill, perseverance and diligent advocacy;

   e.  this matter involves complex factual and legal issues and, in the absence of the Settlement would involve further lengthy proceedings with uncertain resolution of the issues;

   f.  had Class Counsel not obtained the relief provided for in the Settlement Agreement, there would remain a significant risk that the Plaintiffs and the Class members may have received less relief from the Defendants since the complained of harm would not have been remedied through the agreed injunctive relief;

   g.  the amount of attorneys' fees awarded is consistent with awards in similar cases;

   h.  the named Plaintiffs rendered valuable service to the Class in that, had the named Plaintiffs not participated in the prosecution of this action, there would have been no case of settlement.

  12.  This Judgment is a final judgment in this action as to all claims between Defendants, on the one hand, and the above-captioned named Plaintiffs, their successors, assigns, and any other persons now or in the future claiming through or on behalf of them as individuals, on the other. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

Dated: April 22, 2010



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

[Proposed] Final Judgment and Order Awarding Fees    4    Case No. 3:09-cv-3697 EMC